CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
DAVID MENNINGER (Bar No. 281460)
David_Menninger@fd.org
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-1891
Facsimile: (213) 894-0081

Attorneys for Defendant
RAY PEREZ MORENO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-mj-06474 |
| Plaintiff, | **DEFENDANT'S OPPOSITION IN PART TO GOVERNMENT'S MOTION TO DISMISS CASE WITHOUT PREJUDICE; EXHIBITS A-B** |
| v. | |
| RAY PEREZ MORENO, | |
| Defendant. | |

Defendant Ray Perez Moreno, by and through his counsel of record Deputy Federal Public Defender David Menninger, hereby files his opposition, in part, to the government's motion to dismiss the case without prejudice. Mr. Perez Moreno does not oppose dismissal, but submits that the dismissal should instead be with prejudice.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 31, 2025    By  /s/ David Menninger
DAVID MENNINGER
Deputy Federal Public Defender
Attorney for RAY PEREZ MORENO

# I. INTRODUCTION

Mr. Perez Moreno's case follows a pattern that has occurred in over one hundred illegal-reentry cases the government has brought this year. In each of these cases, the government argues for detention but then abandons the prosecution altogether when a defendant is granted bond. Rather than permit the defendant to fight his case on fairer footing and from his home, the government instead deports the defendant and seeks dismissal of the criminal case. But the government's apparent strategy does not only trample a defendant's rights. As other courts have noted, it also overburdens scarce judicial resources by initiating prosecutions only to abruptly drop them.

What the government did to Ray Perez Moreno fits this precise pattern: He was hauled in to federal court on a complaint and granted bond over the government's objection, only to be deported. The government has now moved to dismiss the charges against Mr. Perez Moreno, as they must. But that dismissal should be *with* prejudice. By deporting Mr. Perez Moreno, the government has stripped him of his constitutional rights in defending against that criminal prosecution. "Dismissal with prejudice is appropriate where 'ICE has initially chosen to prioritize a defendant's criminal prosecution over his immediate removal but then reversed course when faced with a lawful release order under the [Bail Reform Act]." *United States v. Ferreira-Chavez*, 2021 WL 602822, *6 (D. Idaho Feb. 12, 2021) (quoting *United States v. Coronado-Vejar*, 2020 WL 2782502, *3 (D. Ariz. May 29, 2020). That is exactly what occurred here. As a result, the government's case against Mr. Perez Moreno should be dismissed with prejudice.

# II. ARGUMENT

Federal Rule of Criminal Procedure 48(a) provides in pertinent part that the "government may, with leave of the court, dismiss and indictment, information or complaint." Fed. R. Crim. Proc. 48(a). In determining whether to grant a government's Rule 48(a) motion, the Court "in exercising its discretion must assure the fair administration of criminal justice." *United States v. Palomares*, 119 F.3d 556, 558 (7th

Cir. 1996). A court may dismiss a case with prejudice if it determines that a dismissal without prejudice is against the concept of fundamental fairness. *United States v. Rossoff*, 806 F. Supp. 200, 202 (N. D. Ill. 1992).

In *United States v. Santos-Flores*, the Ninth Circuit held that "if the government, by placing [a defendant] in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy." 794 F.3d 1088, 1091 (9th Cir. 2015). *Santos-Flores* cited approvingly to *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012), a case where the District Court ordered the government to choose between staying the ICE removal proceedings of a criminal defendant, or dismissing the criminal case with prejudice. *See Trujillo-Alvarez*, 900 F. Supp. 2d at 1170 ("[I]f the Executive Branch chooses to forgo criminal prosecution of Mr. Alvarez–Trujillo on the pending charge of illegal reentry and deport him from the United States," then "the pending criminal charge will be dismissed with prejudice.")

Several other courts in this Circuit have found that dismissal with prejudice is the appropriate remedy when a defendant is deported pending a criminal prosecution. *See, e.g.*, *United States v. Munoz-Garcia*, 455 F.Supp.3d 915, 926 ("The government chose to proceed with the defendant's removal proceeding and deport her from the United States . . . . The result of those violations should be a dismissal of the criminal charges with prejudice.") (citations omitted); *United States v. Monteverde*, 2021 WL 5534880, *3 (D. Ariz. Oct. 7, 2021) ("[T]he issue is whether … the indictment must be dismissed and, if so, whether the dismissal should be with or without prejudice. Here, Defendant's removal, despite the pending prosecution, violated her Sixth Amendment rights and the Speedy Trial Act and, as such, dismissal of the indictment with prejudice is warranted."); *Ferreira-Chavez*, 2021 WL 602822, at *6 ("Here, the Court finds that dismissal of the indictment with prejudice is appropriate. Unlike *Trujillo-Alvarez*, there is no lesser remedy available. Ferreira has already been deported. His constitutional and statutory rights have been and will continue to be violated.").

3

Following this line of cases, Judge Vera recently dismissed a § 1326 prosecution with prejudice because the government's deportation of the defendant violated the court's release order and the parties' plea agreement. *United States v. Solano-Lopez*, 8:25-cr-00093, Docket 34 (C.D. Cal. Aug. 4, 2025). The Court rightfully found the government's bad faith for that behavior, noting the government's gamesmanship in reversing course from criminal prosecution to deportation. *Id.* at 3-4; *see also United States v. Rodrigo Maya Gonzalez,* 2:25-cr-173-TJH, (dismissal with prejudice); *United States v. Camilo Aldana-Aldana,* 2:25-mj-1421-DUTY (dismissal with prejudice).

This Court should do the same here and dismiss the case against Mr. Perez Moreno with prejudice. Once the Court ordered Mr. Perez Moreno to be released, the government "was obliged to either abandon the criminal prosecution and proceed with removal, or stay removal and release the Defendant pending custody." *Munoz-Garcia*, 455 F. Supp. 3d at 918. Although the government "initially chose[] to prioritize [Mr. Perez Moreno's] criminal prosecution over his immediate removal," it "reversed course when faced with a lawful release order under the BRA." *Ferreira-Chavez*, 2021 WL 602822, at *6. In so doing, the government has both made Mr. Perez Moreno unavailable for trial and infringed on his Sixth Amendment right to counsel by depriving him of the ability to consult with his attorney. *Munoz-Garcia*, 455 F. Supp. 3d at 926; *Trujillo-Alvarez*, 900 F. Supp. 2d at 1180.

The fact that the government has followed a similarly dubious pattern in over one hundred cases this year only heightens the need to dismiss with prejudice. Exhibit A to this motion contains a list of illegal reentry prosecutions in which the defendant was deported and the case dismissed. This data shows that not only have the government's actions unfairly prejudiced Mr. Perez Moreno, they have also overburdened the already-overtaxed resources of the Central District. Indeed, if any other litigant routinely filed cases and dismissed them—but only after making the court, its staff, and opposing counsel work tirelessly at the preliminary stages—there would be adverse consequences.  As Magistrate Judge Kim recently noted in an order in an identical case

4

denying the government's motion to dismiss without prejudice case, the government's decision to file the complaint "compel[ed] excepted employees" such as "clerks, pretrial officers, interpreters, security officers, federal marshals, and more besides" to work even though the government "evidently had no intent to prosecute unless the defendant were, without exception, denied bail and detained pending trial." Order Denying Gov't Motion to Dismiss, *United States v. Garcia Martinez*, 2:25-MJ-5806-DUTY (C.D. Cal. Oct. 21, 2025).[1]

Indeed, this case provides a perfect illustration of how these cases overtax the court. As of October 31, 2025, over a week after the initial appearance, no documents from the initial appearance have made it to the docket—because the clerk's office is overwhelmed with criminal filings. As a result, defense counsel did not even receive ECF notification when the government's motion was filed. After flooding the clerk's office with cases only to abruptly reverse course, the government should not be allowed to flip-flop for a second time by re-starting the prosecution.

///
///
///
///
///
///
///
///
///
///
///

---

[1] Judge Kim's order does not yet appear on the docket—another illustration of how the government's practice has led to docketing delays. A copy of the order is attached as Exhbit B. In response to this order, the government stipulated to dismiss the complaint with prejudice. *United States v. Garcia-Martinez*, 2:25-MJ-5806, Dkt. 14.

1         All told, the government made a choice to abandon their criminal prosecution in

2    favor of deportation. Dismissing without prejudice gives them an unfair windfall,

3    allows them to continue with a problematic if not outright abusive bail practice, does

4    not reflect the interests of justice, and continues to deprive Mr. Perez Moreno of his

5    rights. They had a chance to prosecute Mr. Perez Moreno, but they should not get two

6    chances. For all of these reasons, dismissal with prejudice is the appropriate remedy.

7

8                                                  Respectfully submitted,

9                                                  CUAUHTEMOC ORTEGA
                                              Federal Public Defender

10

11   DATED: October 31, 2025       By  */s/ David Menninger*

12                                             DAVID MENNINGER

13                                             Deputy Federal Public Defender
                                          Attorney for RAY PEREZ MORENO